# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TOBY EARL, an individual; SHYHEEM SMITH, an individual; DEATRA ENARI, and individual; MICHELLE PICKTHALL, an individual; and JAMES SKADOWSKI, an individual, | Case No.: 2:16-cv-02217-GMN-PAL |
| Plaintiffs, | **ORDER** |
| vs. | |
| BRIAD RESTAURANT GROUP, LLC, a New Jersey limited liability company; and DOES 1 through 100, inclusive, | |
| Defendants. | |

Pending before the Court is the Motion for Summary Judgment, (EFC No. 5), filed by Plaintiffs Toby Earl, Deatra Enari, Michelle Pickthall, James Skadowski, and Shyheem Smith (collectively "Plaintiffs"). Defendant Briad Restaurant Group, LLC ("Defendant") filed a Response, (ECF No. 20), and Plaintiffs filed a Reply, (ECF No. 21).

Also pending before the Court is the Motion to Dismiss, (ECF No. 13), filed by Defendant. Plaintiffs filed a Response, (ECF No. 17), and Defendant filed a Reply, (ECF No. 19). However, because the Court finds that the Supreme Court's decisions *in Murphy Oil, U.S.A., Inc. v. NLRB*, 808 F.3d 1013 (5th Cir. 2015); *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 984 (9th Cir. 2016); and *Patterson v. Raymours Furniture Co., Inc.*, 2016 WL 4598542, at *2 (2d Cir. Sept. 2, 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016) (collectively "*Morris*") are dispositive in determining whether class-arbitration waivers in arbitration agreements are valid and enforceable, the case is **STAYED** pending the Supreme Court's decision in *Morris*, and the pending motions are **DENIED without prejudice**.

## I. BACKGROUND

### A. Procedural History

This dispute arises out of alleged violations of an amendment to the Nevada Constitution setting certain minimum wage requirements for employers known as the Minimum Wage Amendment ("MWA"). Plaintiffs are current and former employees of various TGI Friday's restaurant chain locations throughout Nevada, which are owned by Defendant. On May 19, 2014, Plaintiffs initiated the original *Hanks* case, *Hanks, et al. v. Briad Restaurant Group, LLC*, No. 2:14-cv-00786-GMN-PAL (D. Nev. 2014), allegedly as a result of Defendant's failure to pay Plaintiffs the lawful minimum wage, because Defendant improperly claimed eligibility to compensate employees at a reduced minimum wage rate under Nev. Const. art. XV, § 16. (*See* Compl. ¶ 3–4, ECF No. 1).

On July 27, 2015, the Court dismissed five Plaintiffs from the *Hanks* action who were parties to various arbitration agreements and ordered them to arbitrate their MWA claims against Defendant. (Order, *Hanks* case, ECF No. 93). On September 20, 2016, the dismissed *Hanks* Plaintiffs initiated the instant *Earl* action, "seeking an order from this Court declaring provisions in Defendant's arbitration agreements that purport to prohibit class or representative actions, even in arbitration proceedings, are invalid pursuant to National Labor Relations Act." (Compl. ¶ 1, *Earl* case). The *Earl* Plaintiffs allege that they intend to file a class arbitration, but that the American Arbitration Association requires a court order declaring such provisions invalid before accepting any class arbitration claims. (*Id.* ¶¶ 10, 12).

On September 20, 2016, Plaintiffs filed the instant lawsuit seeking to overturn the Court's order in *Hanks* regarding the class-arbitration waiver provision in Plaintiffs' arbitration agreements. (*See generally id.*). Specifically, Plaintiffs seek declaratory relief that the class arbitration waiver within their arbitration agreements is invalid. (*Id.* ¶¶ 12–13).

### B. The Supreme Court's Pending *Morris* Decision

After Plaintiffs filed their Motion, the Supreme Court granted certiorari in *Ernst & Young, LLP v. Morris*, No. 16-300, 137 S. Ct. 809 (U.S. Jan. 13, 2017). The Supreme Court will resolve in *Morris* the question of whether class-arbitration waivers are unenforceable—a question that has caused a circuit split with the Ninth and Seventh holding that waivers are unenforceable, and the Second, Fifth, and Eighth holding that the waivers are enforceable. *See Morris v. Ernst & Young, LLP*, 834 F.3d 975, 984 (9th Cir. 2016); *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016); *Sutherland v. Ernst & Young LLP*, 726 F.3d 290 (2d Cir. 2013); *Patterson v. Raymours Furniture Co., Inc.*, 2016 WL 4598542, (2d Cir. Sept. 2, 2016), as corrected (Sept. 7, 2016), as corrected (Sept. 14, 2016); *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344 (5th Cir. 2013); *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1015 (5th Cir. 2015); *Cellular Sales of Missouri*, LLC v. N.L.R.B., 824 F.3d 772 (8th Cir. 2016); *Owen v. Bristol Care, Inc.*, 702 F.3d 1050 (8th Cir. 2013).

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

However, "[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. A district court's decision to grant or deny a *Landis* stay is a matter of discretion. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

### III. DISCUSSION

The *Morris* decision will directly impact whether, as a matter of law, Plaintiffs are able to bring forth their claims contesting the enforceability of class-arbitration waivers. Specifically, if the Supreme Court finds that class-arbitration waivers are unenforceable, then Plaintiffs will be unable to pursue their desired relief in the instant action. (*See* Compl. ¶¶ A–D).

Because of this, the *Landis* factors weigh strongly in favor of staying this action pending the *Morris* decision. Indeed, the possible prejudice to the parties is minimal as the *Morris* decision will likely be issued within the next year per the Supreme Court's customary practice. Additionally, the possible judicial resources also may be unnecessarily expended reviewing the adequacy of the pleadings and resolving discovery disputes in a case that may be prevented from moving forward based on the Supreme Court's decision. Because the *Morris* decision is squarely on point with what Plaintiffs seek, the orderly course of justice likewise weighs in favor of a stay. Accordingly, the Court finds that staying this action until the Supreme Court issues an opinion in *Morris* would be efficient for the Court's own docket and the fairest course for the parties. *See Leyva*, 593 F.2d at 863.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, (ECF No. 5), is **DENIED without prejudice** with permission to renew within thirty days of the Supreme Court's decision in *Morris*.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, (ECF No. 13), is **DENIED without prejudice** with permission to renew within thirty days of the Supreme Court's decision in *Morris*.

**IT IS FURTHER ORDERED** that this case is **STAYED** pending a decision of the Supreme Court in *Morris*. Beginning on January 7, 2018, the parties must submit a joint status report updating the Court on the status of this case every ninety days.

**DATED** this __8__ day of August, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Judge